Howell, J.
The relators, being the holders of a mortgage note, signed by Mrs. S. A. Ashbridge, obtained from the Second District *253 Court of New Orleans a writ of seizure and sale against tlie mortgaged property as belonging to her in a suit entitled A. Sarrat & Co. v. Mrs. S. A. Ashbridge, making the allegation in their petition that said property had been inventoried as community property in the succession of D. W. Ashbridge, the deceased husband of their debtor; whereupon, Mrs. Ashbridge, as testamentary executrix of the last will of D. W. Ashbridge, took a rule to set aside the executory proceedings, on the grounds that the succession of D. W. Ashbridge was in due course of administration, and it is illegal to proceed by executory process against succession property; which rule was made absolute, and plain tiff's (defendants in the rule) appealed, giving bond, as fixed by the court, in the sum of $150 in favor of Mrs. 8. A. Ashbridge.
Subsequently, Mrs. Ashbridge, as executrix, obtained an order in the mortuary proceedings, for the sale, by an auctioneer, of the same property* to pay the debts of the succession of D. W. Ashbridge, and the plaintiff's in the executory proceedings in which the appeal was granted, have applied for a writ of prohibition to restrain the Judge, the executrix and the auctioneer from proceeding with the said side.
The Judge answers that the petition discloses no legal ground for thé writ, because, among other reasons, a suspensive appeal from the judgment setting aside the writ of seizure and sale in the case of A. Sarrat & Co., v. Mrs. S. A. Ashbridge, does not operate in law as a suspension of an order of sale on the matter of the succession of D. W. Ashbridge, and that no suspensive appeal was applied for or obtained by the relators. We consider the first position taken by the Judge to be correct, and that the relators are not entitled to the remedy to which they have resorted. The appeal was taken in a suit between different parties from those in the proceeding in which the order complained of was issued; the probability or fact that the rights of the relators may be affected by the execution of said order, will not authorize the writ of prohibition; as it does not appear that the Judge is transcending his jurisdiction in the said mortuary proceedings, or is taking any steps, in the case in which he has granted an appeal, which will affect the jurisdiction of the appellate conrt.
It is therefore ordered that the provisional writ issued herein, be set aside, and the application of relators refused, with costs.